MEMORANDUM OPINION
The issue in this case is whether an appeal taken from the entry of a personal protection order (PPO) is rendered moot solely due to the expiration of the PPO. We hold that the PPO's expiration alone does not render the appeal moot, and we remand to the Court of Appeals for further proceedings.
Petitioner TM and respondent MZ[1] are neighbors. Petitioner sought a *474 PPO against respondent under MCL 600.2950a(1), pointing to a variety of Facebook posts in which petitioner alleged that respondent was harassing petitioner. Petitioner asked the trial court to issue the order ex parte under MCL 600.2950a(12) and MCR 3.705(A), and the court granted this request.[2] Respondent objected to the PPO, arguing that petitioner was simply annoyed by respondent's comments to others, that there were no allegations of any physical contact between the parties or threats of violence made by respondent against petitioner, and that petitioner's proper recourse was, if anything, a defamation action, not a PPO. The trial court denied respondent's request to terminate the PPO altogether, but the court did amend the order in August 2015[3] to prohibit only "posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s." Respondent promptly appealed in the Court of Appeals, but the case was not argued until nearly a year after the PPO had expired. Shortly after argument, the panel issued an unpublished opinion holding that the expiration of the PPO rendered the case moot.[4] Respondent sought leave to appeal in this Court, and we directed the clerk to schedule oral argument on the application. TM v. MZ , 501 Mich. 901 (2017). "The applicability of a legal doctrine," such as mootness, "is a question of law," which "[t]his Court reviews ... de novo." James v. Alberts , 464 Mich. 12, 14, 626 N.W.2d 158 (2001).
Two different statutes, MCL 600.2950 and MCL 600.2950a, provide for three types of PPOs in Michigan. "The nature of the petitioner's relationship with the respondent and the respondent's acts govern which form of PPO is appropriate." Shiemke, Domestic Violence , in 2 Michigan Family Law (Kelly et al. eds., 7th ed., May 2017 update), § 19.5, p. 1167. Domestic-relationship PPOs under MCL 600.2950 require the presence of a domestic relationship as defined under the statute, while sexual-assault PPOs under MCL 600.2950a(2) require a sexual assault. Neither of these are implicated in this case; instead, we deal with a stalking-type PPO under MCL 600.2950a(1). To obtain a PPO under MCL 600.2950a(1), the petitioner must "allege[ ] facts that constitute stalking as defined in [ MCL 750.411h or MCL 750.411i ], or conduct that is prohibited under [ MCL 750.411s ]." The PPO here was premised on MCL 750.411s, sometimes called the "cyberstalking" statute. Domestic Violence , § 19.8.
Regardless of the type of PPO issued, when a court issues a PPO it must "designate the law enforcement agency that is responsible for entering the [PPO] into the L.E.I.N.[5 ]" MCL 600.2950a(10). See also MCL 600.2950(10) ; MCR 3.706(A)(6). The clerk of the court "shall ... [f]ile a true *475 copy of the [PPO] with the law enforcement agency designated by the court in the [PPO]," which agency "shall immediately ... enter the [PPO] into the L.E.I.N." MCL 600.2950a(15)(a) and (17). See also MCL 600.2950(15)(a) and (17) ; MCR 3.706(A)(6). The clerk of the court also must advise law enforcement if "[t]he [PPO] is rescinded, modified, or extended by court order." MCL 600.2950a(19)(b). See also MCL 600.2950(19)(b) ; MCR 3.707(A)(3). The law enforcement agency "shall enter the [updated] information or cause the information to be entered into the L.E.I.N." MCL 600.2950a(20). See also MCL 600.2950(20).
Respondent argued in the Court of Appeals both that petitioner had failed to allege facts satisfying MCL 750.411s and that the PPO was an unconstitutional prior restraint on respondent's speech. The Court of Appeals never reached the merits of these arguments, concluding that the matter was moot because there was no longer a PPO to invalidate. In this Court, respondent challenges only the Court of Appeals' determination that this appeal is moot. It is uncontested that the PPO against respondent has expired. "[A]s a general rule, this Court will not entertain moot issues or decide moot cases." East Grand Rapids Sch. Dist. v. Kent Co. Tax Allocation Bd. , 415 Mich. 381, 390, 330 N.W.2d 7 (1982). A moot case presents "nothing but abstract questions of law which do not rest upon existing facts or rights." Gildemeister v. Lindsay , 212 Mich. 299, 302, 180 N.W. 633 (1920). It involves a case in which a judgment "cannot have any practical legal effect upon a then existing controversy." Anway v. Grand Rapids R. Co. , 211 Mich. 592, 610, 179 N.W. 350 (1920) (quotation marks and citation omitted).
Respondent argues that this appeal is not moot because there is practical legal relief he could receive: if the Court of Appeals were to conclude that the PPO should never have issued in the first place, it would be rescinded, and notice of the same would be entered into LEIN under MCL 600.2950a(19)(b) and (20). Because law enforcement performs background checks with LEIN, respondent argues, he has an interest in clearing the cloud of this allegedly erroneous PPO from his name. The Court of Appeals has confronted the argument that a PPO respondent has an interest in identifying an improperly issued PPO in LEIN as having been rescinded, with varying results.
One line of cases in the Court of Appeals has held that when a PPO expires during the pendency of an appeal, the appeal is necessarily moot.[6] In another line of cases, the Court of Appeals has held that a case is not moot despite the expiration of a PPO if the respondent can show a presently existing collateral consequence, usually employment-related, of the PPO. For instance, in Hayford v. Hayford , 279 Mich. App 324, 325, 760 N.W.2d 503 (2008), the Court held that the appeal was not moot even though the PPO had been terminated during the pendency of the appeal because the "respondent earned a living building rifles and other firearms" and "entry of a PPO may affect eligibility for a federal firearms license," meaning that the respondent *476 potentially "st[ood] to permanently lose his license and livelihood." Several unpublished opinions have similarly concluded that cases were not moot when the respondent could identify a presently existing collateral consequence due to the presence of the PPO in LEIN.[7]
On the other hand, other panels have held that a respondent's interest in correcting LEIN alone is enough to prevent an appeal from becoming moot, suggesting either that the presence of the PPO in LEIN is itself a present collateral consequence, or that the issue is not moot because it is possible for the court to provide some remedy. For example, in Visser v. Visser , 299 Mich. App 12, 15, 829 N.W.2d 242 (2012), the petitioner had obtained a PPO that was extended twice, and the respondent appealed each extension order. In considering mootness, the Court of Appeals noted that the respondent had failed to "articulate what collateral consequences [were] likely to befall him," but the panel did not consider the issue moot because it "d[id] not doubt that having a PPO on one's record may have some adverse consequences." Id . at 16, 829 N.W.2d 242. The panel scrutinized but ultimately affirmed the issuance of the PPO.[8] Several unpublished opinions have similarly concluded that a correction of LEIN itself is sufficient to avoid mootness.[9]
We conclude that identifying an improperly issued PPO as rescinded is a live controversy and thus not moot. A judgment here can have a "practical legal effect" under Anway because if the Court concludes that the trial court should never have issued the PPO, respondent would be entitled to have LEIN reflect that fact.[10] Thus, an appeal challenging a PPO, with an eye toward determining whether a PPO should be updated in LEIN as rescinded, need not fall within an exception to the mootness doctrine to warrant appellate review; instead, such a dispute is simply not moot. Consequently, and contrary to the decision of the Court of Appeals, the mere fact that the instant PPO expired *477 during the pendency of this appeal does not render this appeal moot.[11] We therefore reverse the judgment of the Court of Appeals and remand to that Court for consideration on the merits.
Stephen J. Markman, C.J., Brian K. Zahra, Bridget M. McCormack, David F. Viviano, Richard H. Bernstein, Kurtis T. Wilder, Elizabeth T. Clement, JJ., concur.

We refer to the parties by their initials to avoid identifying the party protected by the PPO. See MCR 3.705(C) ; 18 USC 2265(d)(3).

The court must rule on a request for an ex parte PPO within 24 hours of the request. MCR 3.705(A)(1).

The amended PPO itself is dated August 21, 2005. The court issued an order dated August 25 that was responsive to respondent's request to terminate the PPO, noting that his request was being granted only in part. That order was entered into the register of actions on August 26. For purposes of appellate timelines, " 'entry' means the date a judgment or order is signed, or the date that data entry of the judgment or order is accomplished in the issuing tribunal's register of actions." MCR 7.204(A) (emphasis added).

TM v. MZ , unpublished per curiam opinion of the Court of Appeals, issued January 19, 2017 (Docket No. 329190).

That is to say, "the law enforcement information network regulated under ... MCL 28.211 to 28.216." MCL 600.2950h(b).

See, e.g., Petrucelli v. Moore , unpublished per curiam opinion of the Court of Appeals, issued November 14, 2013 (Docket No. 311112), 2013 WL 6037170 ; Gupton v. Johnston , unpublished per curiam opinion of the Court of Appeals, issued January 28, 2010 (Docket No. 288847), 2010 WL 334716 ; Funk ex rel. Funk v. Mikkelson , unpublished memorandum opinion of the Court of Appeals, issued May 17, 2005 (Docket No. 252088), 2005 WL 1160599 ; Butler v. Frederick , unpublished memorandum opinion of the Court of Appeals, issued June 15, 2004 (Docket No. 245651), 2004 WL 1336196.

See Hackett-Mayer v. Mayer , unpublished per curiam opinion of the Court of Appeals, issued December 18, 2014 (Docket No. 317744), 2014 WL 7215168 ; Lipscombe v. Lipscombe , unpublished per curiam opinion of the Court of Appeals, issued February 4, 2010 (Docket No. 287822), 2010 WL 395762 ; Boggs v. Boggs , unpublished per curiam opinion of the Court of Appeals, issued September 24, 2009 (Docket No. 285040), 2009 WL 3049787 ; see also Beckwith v. Tyers , unpublished per curiam opinion of the Court of Appeals, issued February 20, 2014 (Docket No. 312616), p. 1 n. 1, 2014 WL 688637 (asserting that "the issuance of the PPO may affect respondent's livelihood" without further detail).

We ultimately vacated the Court of Appeals' analysis of the merits of the PPO because the respondent had taken appeals only from the extension orders and not the original PPO itself. See Visser v. Visser , 495 Mich. 862, 836 N.W.2d 693 (2013).

See Benson v. Foster , unpublished per curiam opinion of the Court of Appeals, issued February 24, 2015 (Docket No. 315384), 2015 WL 773694 (relying on a "court is capable of granting relief" theory); Dooley v. Hartsell , unpublished per curiam opinion of the Court of Appeals, issued December 23, 2008 (Docket No. 280833), 2008 WL 5385012 (same, but also implying that the retention of a PPO in LEIN is a "collateral legal consequence" preventing the appeal from becoming moot); Londo v. Jay , unpublished per curiam opinion of the Court of Appeals, issued March 22, 2002 (Docket No. 227691), 2002 WL 483443 ; Coolman v. Laisure , unpublished per curiam opinion of the Court of Appeals, issued November 30, 2001 (Docket No. 224050), 2001 WL 1545927 ; see also Boggs ( Zahra , J., concurring) (observing that the possibility of LEIN correction rendered the appeal not moot notwithstanding the PPO's expiration).

Given this conclusion, we need not decide whether the PPO's existence in LEIN is itself a present collateral consequence.

This appeal does not present the question of the extent of relief possible, and we express no opinion on this issue. Appellant's counsel conceded at oral argument that the only available relief is a notation in LEIN that the PPO has been rescinded, and we hold that this is enough to avoid concluding that the case is moot.