*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Conservatorship and Guardianship of LARRY JOHN POBANZ.

---

CHRISTOPHER L. POBANZ, Conservator of
LARRY JOHN POBANZ, a legally incapacitated
person,

        Appellant,

v

TAMI WOODWORTH SALENS,

        Appellee.

UNPUBLISHED
March 9, 2023

Nos. 360841
Huron Probate Court
LC Nos. 19-041808-GA; 19-
       041809-CA

---

*In re* Conservatorship and Guardianship of LARRY JOHN POBANZ.

---

CHRISTOPHER L. POBANZ,

        Appellant,

v

TAMI WOODWORTH SALENS,

        Appellee.

No. 361813
Huron Probate Court
LC Nos. 19-041808-GA; 19-
       041809-CA

---

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

-1-

In these consolidated appeals[1] of this conservatorship and guardianship case, in Docket No. 360841, appellant appeals as of right the trial court's order granting the request of appellee, the lawyer-guardian ad litem (L-GAL) for Larry John Pobanz, a then-legally incapacitated person, for payment of $1,229.50 of fees. In Docket No. 361813, appellant appeals as of right the later order of the trial court reaffirming its decision to grant payment of fees to the L-GAL after a hearing, including a determination the L-GAL's fees were reasonable. Because these appeals are moot, we dismiss them.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In a previous appeal, a panel of this Court provided a succinct yet thorough summary of the facts and proceedings:

On November 6, 2019, [appellant] filed a petition for guardianship and a petition for conservatorship for his father, Larry. The petitions alleged that Larry recently suffered a stroke, could not move his right arm or leg, and could not speak. The petition for conservatorship alleged that Larry could not enter rehab without certain paperwork that could not be completed by [appellant] without a court order. Judge David B. Herrington signed two orders granting a temporary conservatorship and temporary guardianship of Larry to [appellant].

On November 15, 2019, Judge David L. Clabuesch entered an order appointing [Dallas Rooney as] guardian ad litem (GAL) for Larry. On November 18, 2019, the GAL filed a written report that stated that he attempted to talk to Larry at the hospital, but could not communicate with him. The GAL recommended that both petitions be granted on the basis of the medical reports, the contents of the petition, and his personal observations of Larry. On December 3, 2019, the trial court held a hearing on the petitions. Also on December 3, 2019, Judge Clabuesch entered orders appointing [appellant] to be the conservator and guardian of Larry and an order for the Huron County Probate Court to pay the GAL $234 for his services.

According to [appellant]'s brief on appeal, the trial court sent him a statement in mid-November 2020 stating that Larry owed $584 in court fees. Specifically, Larry owed $150 in filing fees and $25 for electronic filing fees for the guardianship, $150 for filing fees and $25 for electronic filing fees for the conservatorship, and $234 to reimburse the court for the fees it paid to the GAL. On January 28, 2021, [appellant] filed an account for the conservatorship with the trial court, and he states in his brief on appeal that the court clerk did not collect the $20 filing fee for the filing of the account.

On February 2, 2021, the trial court moved sua sponte to hold a hearing to allow [appellant] to address his grievances against the Huron County Probate Court.

---

[1] *In re Pobanz Conservatorship/Guardianship*, unpublished order of the Court of Appeals, entered July 5, 2022 (Docket Nos. 360841 and 361813).

On February 18, 2021, the trial court held a hearing on its sua sponte motion. [Appellant] argued that the trial court did not have jurisdiction because it did not collect the filing fees when he filed the petitions. The trial court informed [appellant] that it had a longstanding policy of waiting to collect the guardianship and conservator fees. [Appellant] also told the trial court that he did not agree to pay the GAL fees. The trial court determined that the GAL fees were fair and reasonable. [Appellant] argued that the GAL was required to comply with MCL 700.3505(1) and that because the GAL did not comply with statutory requirements, the court could not compensate him. The trial court asked the GAL if it was his practice to ask wards in Larry's condition about their assets, and the GAL responded:

> Not at all, your Honor. My main concern is to find out what their level of competency is and then if they are able to talk to find out what the wishes are about whether they want to have a guardian and conservator. And if they do, who they want it to be. I couldn't get to any of those levels with [Larry] at that time.

The GAL also stated that [appellant] was not present when he interviewed Larry. The trial court ordered "[appellant], conservator for Larry J. Pobanz," to pay the $604 court fees. [*In re Pobanz Conservatorship/Guardianship*, unpublished per curiam opinion of the Court of Appeals, issued December 9, 2021 (Docket No. 356546), pp 1-2.]

Relevantly, after the appeal was completed, appellant petitioned the trial court to terminate the guardianship and conservatorship of Larry. Appellant claimed Larry's health had improved and his doctor believed he was competent to make his own decisions. The trial court appointed a new L-GAL to meet with Larry and investigate whether the petitions should be granted. The L-GAL did so and prepared a report.

After a hearing on the matter, the trial court agreed Larry was competent and terminated the conservatorship and guardianship on March 9, 2022. On the same day, appellant was discharged as Larry's guardian. Appellant remained the conservator until he performed a final accounting of Larry's finances. Also on March 9, 2022, the trial court ordered appellant, on behalf of Larry, to pay the L-GAL $1,229.50 for her fees. Appellant objected to the order on March 16, 2022, raising a host of issues. Before the trial court decided his objections, appellant filed the first of these two appeals on March 29, 2022. On April 6, 2022, the trial court heard appellant's objections and effectively reaffirmed its decision regarding the L-GAL's fees. The only difference was the trial court ordered the Huron County Treasurer to pay the L-GAL, while Larry was ordered to repay the trial court when the appeals completed.

Appellant moved the trial court to reconsider that order, and attempted to have this Court intervene in the appeal he already filed. When both options failed, appellant filed the second of the two appeals now being considered on June 15, 2022. One week before doing so, however, on June 8, 2022, he was discharged as Larry's conservator. These appeals are now before us for review.

## II. MOOTNESS

Appellant's discharge as Larry's conservator has rendered these appeals moot.

"Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). As this Court has explained: "Michigan courts exist to decide actual cases and controversies . . . ." *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks and citation omitted). Therefore, "[a]s a general rule, this Court will not entertain moot issues or decide moot cases." *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (quotation marks and citation omitted).

"An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Gleason*, 323 Mich App at 314. Stated differently, a moot case "involves a case in which a judgment cannot have any practical legal effect upon a then existing controversy." *TM*, 501 Mich at 317 (quotation marks and citation omitted). "A case that does not rest upon existing facts or rights and presents nothing but abstract questions of law is moot." *Gleason*, 323 Mich App at 314-315. "Because reviewing a moot question ordinarily would be a 'purposeless proceeding,' we generally dismiss a moot case without reaching the underlying merits." *Id*. at 315. "It is well recognized, however, that an exception exists when an issue is moot, but is one of public significance and is likely to recur, yet may evade judicial review." *Id*. (quotation marks, citation, and alterations omitted).

While appellant has raised a host of issues involving violations of statutes, court rules, and constitutional provisions, the relief he seeks in both appeals are quite similar. Relevantly, appellant seeks an order reversing the March 9, 2022 and April 6, 2022 orders requiring the L-GAL to be paid $1,229.50. When the trial court entered both orders, the conservatorship had been terminated but appellant remained as the conservator pending his final accounting of Larry's finances. In a separate order entered on March 9, 2022, the trial court declared Larry to be competent to handle his own financial decisions. In reaching the decision, the trial court relied on a report and testimony from Larry's physician. Notably, it was appellant who moved the trial court to terminate the conservatorship.

The March 9, 2022 order being appealed stated that appellant, care of Larry, was required to pay the L-GAL's fees. The April 6, 2022 order, on the other hand, required the Huron County Treasurer to pay the L-GAL's fees, while also requiring Larry to repay the fees to the trial court. The second order did not require appellant to perform any action. On June 8, 2022, after reviewing and accepting the final accounting, the trial court entered an order discharging appellant as Larry's conservator. The case is now before us for review, with appellant solely seeking to reverse the orders requiring the L-GAL to be paid fees.

The order discharging appellant as Larry's conservator has rendered these appeals moot. Indeed, it was an event that rendered it impossible for this Court to provide appellant any relief in this case. *Gleason*, 323 Mich App at 314. The March 9, 2022 order required appellant, acting as Larry's conservator, to pay the L-GAL's fees. Now, appellant is no longer the conservator and is proceeding in this case without any indication he is acting on Larry's behalf. In fact, since Larry was deemed competent on March 9, 2022, there has never been an allegation, specifically from

-4-

Larry, that he disagreed with the trial court's decisions. Thus, with respect to the March 9, 2022 order, appellant was only directed to make a payment *on behalf of* Larry. As a result, appellant being discharged as the conservator for Larry provided all the relief appellant could possibly hope to obtain in this case—he is no longer required to make the payment on behalf of Larry. *Id*. Instead, presumably, Larry will be required to make the payment himself.

As for the April 6, 2022 order requiring the Huron County Treasurer to pay the L-GAL's fees, and for Larry to repay the trial court, appellant remained as conservator for two months after entry of the order. However, once again, when the trial court discharged appellant as Larry's conservator, any relief he could have been granted in an appeal was provided. *Gleason*, 323 Mich App at 314. This is because, at most, appellant's interest in the case was because he was acting as Larry's conservator. Thus, in effect, the trial court ordering Larry to repay the trial court was ordering appellant to make the payment on Larry's behalf as his conservator. Because appellant no longer is Larry's conservator, the order plainly does not apply to appellant. Larry will be required to pay the money on his own, and as discussed above, has never raised any objection to the trial court's orders after he was deemed competent to do so. Consequently, appellant has no further relief he can actually obtain from this Court, rendering these appeals moot. *Id*. Indeed, when appellant was relieved of his duties as conservator for Larry, this appeal brought solely by appellant was transformed into "[a] case that does not rest upon existing facts or rights and presents nothing but abstract questions of law . . . ." *Id*. at 314-315. As a result, the appeals are moot. *Id*.

Because we do not generally consider moot cases, we dismiss these appeals. *TM*, 501 Mich at 317. While there is an exception to this Court's general rule to dismiss moot cases, it does not apply in this case. *Gleason*, 323 Mich App at 315. This entire dispute is about $1,229.50 of fees paid to the L-GAL who was appointed by the trial court to investigate a guardianship and conservatorship and to prepare a report. There is no public significance, and indeed, the issue is not likely to evade judicial review going forward. *Id*. Presumably, in future cases, the actual person being ordered to pay the contested fees would file the appeal, which would avoid the mootness issue. *Id*. In fact, in the previous appeal decided by this Court, many of these same issues were raised and decided without being rendered moot. Therefore, because these appeals are moot and no exception applies, we see no other option than to dismiss. *Id*. at 314-315.

These appeals are dismissed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett

-5-