*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

T & V ASSOCIATES, INC d/b/a RIVER CREST CATERING,

Plaintiff-Appellant,

v

DIRECTOR OF HEALTH AND HUMAN SERVICES,

Defendant-Appellee.

FOR PUBLICATION
June 29, 2023

No. 361727
Court of Claims No.
21-000075-MM

Before: BOONSTRA, P.J., and GADOLA and YATES, JJ.

YATES, J. (*dissenting*).

For far too long, in courts all across this country, the COVID-19 wars have raged on despite the fact that nearly every governmental authority at the federal, state, and local levels has declared an end to the COVID-19 emergency. The overheated rhetoric in briefs and oral arguments suggests that the remaining COVID-19 disputes on court dockets are sacred causes, rather than mere court cases, and the litigants and attorneys in these disputes seem determined to keep these battles going endlessly. But it doesn't have to be this way. We judges have the power and, in my view, the duty under the mootness doctrine to dismiss the combatants from the COVID wars and bring down the curtain on this chapter in our history. Because the majority has decided instead to resolve the case before us on the merits, I dissent.

## I. THE CONTEXT OF THE DISPUTE

As the majority accurately notes, the facts of this case are essentially undisputed. Similarly, the regulatory regime at issue here is easy to describe. Shortly after our Supreme Court ruled that the Governor lacked statutory authority to unilaterally prescribe protective measures to address the COVID-19 emergency, *In re Certified Questions From United States Dist Court*, 506 Mich 332; 958 NW2d 1 (2020), the Director of the Department of Health and Human Services (the Director) picked up the ball and ran with it, issuing regulatory measures under MCL 333.2253 to combat the spread of COVID-19. For example, on March 19, 2021, the Director issued an "Emergency Order

-1-

under MCL 333.2253 – Gatherings and Face Mask Order" (the Order), which has been challenged by plaintiff, T & V Associates, Inc. (T&V), in this case.

T&V alleged that it had operated a catering service and banquet facility in Oakland County for many years. As a matter of course, its banquets involved more than 100 guests and lasted well beyond 11:00 p.m. That mattered because the Order from the Director barred "[g]atherings . . . at food service establishments . . . offering indoor dining" that involved more than "100 persons" or took place "between the hours of 11:00 PM and 4:00 AM." Thus, T&V filed this action requesting a declaratory judgment that MCL 333.2253 constitutes an unconstitutional delegation of legislative authority and a violation of T&V's constitutional rights to procedural and substantive due process. Consequently, T&V's constitutional challenge was based on the notion that it needed declaratory relief under MCR 2.605(A)(1) to "guide [its] future conduct in order to preserve legal rights[,]" *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012), rather than compensatory damages to account for economic harm it had suffered.

T&V's demand for declaratory relief to guide its future conduct seemed misplaced because, as the majority notes, T&V "has closed its banquet facility" and ceased its commercial operations. Beyond that, T&V's constitutional challenge to the Director's Order issued under MCL 333.2253 seemed unnecessary because our Legislature amended that statute after this controversy arose, see 2022 PA 274 (effective March 29, 2023), and the Director rescinded the Order at issue here. Thus, any future regulatory impingement on T&V's rights would necessarily be promulgated under the new version of MCL 333.2253, rather than the earlier version on which the Director's Order rested. Despite these warning signs, the Court of Claims and the majority on this appeal chose to dive into the turbulent waters of COVID litigation by resolving T&V's constitutional claims on the merits. That approach to this case plainly contravenes the mootness doctrine.

## II. THE MOOTNESS DOCTRINE MANDATES DISMISSAL

For a host of reasons, I believe this case is as moot as moot can be.[1] "A moot case presents 'nothing but abstract questions of law which do not rest upon existing facts or rights.' " *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018). "It involves a case in which a judgment 'cannot have any practical legal effect upon a then existing controversy.' " *Id.* Issues of mootness "are questions of law that are reviewed de novo." *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022). Because "[t]he question of mootness is a threshold issue that a court must address before it reaches substantive issues of a case[,]" *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019), we cannot take up the merits of T&V's constitutional claims if the mootness doctrine

---

[1] I realize that a panel of this Court, by a 2-to-1 vote, denied the Director's motion to dismiss this appeal as moot. *T&V Assoc Inc v Dir of Health and Human Servs*, unpublished order of the Court of Appeals, entered September 19, 2022 (Docket No. 361727). But that order, "made without any reasoning provided," does not preclude us from taking up the issue of mootness now. *Reynolds v Bureau of State Lottery*, 240 Mich App 84, 103-104; 610 NW2d 597 (2000).

-2-

applies. In considering the impact of the mootness doctrine here, we can follow a well-worn path to the legally mandated approach of dismissal.

When we recently faced a challenge to a mask mandate issued in response to the COVID-19 emergency but then rescinded before the dispute reached this Court, we reasoned that "the issue on appeal is technically moot for purposes of the instant litigation[.]" *Flynn v Ottawa Co Dep't of Pub Health*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359774); slip op at 4. I believe that statement in a published opinion binds us to the conclusion of mootness here. But we have consistently noted that mootness is not an inflexible doctrine, and there are exceptions to the general rule requiring dismissal when mootness exists. *Turunen v Dir of Dep't of Nat'l Resources*, 336 Mich App 468, 480; 971 NW2d 20 (2021). Specifically, a moot issue will be reviewed if the issue is one of public significance that is "likely to recur, and yet likely to evade judicial review." *Flynn*, ___ Mich App at ___; slip op at 4. Also, a moot issue may be reviewed under the voluntary cessation doctrine, which provides that:

> "[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion." [*Ed Subscription Serv, Inc v American Ed Servs, Inc*, 115 Mich App 413, 430; 320 NW2d 684 (1982), quoting *United States v W T Grant Co*, 345 US 629, 632; 73 S Ct 894; 97 L Ed 1303 (1953).]

Under the voluntary cessation doctrine, "[t]he case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *W T Grant Co*, 345 US at 633 (quotation marks and citation omitted).

The Director long ago rescinded the Order at issue here, so T&V's challenge to that Order is moot because there is no meaningful relief we can grant and any judgment from this Court would have no practical effect on an existing controversy. See *Flynn*, ___ Mich App at ___; slip op at 4. A question remains, however, whether we should review the merits of this case under the voluntary cessation doctrine or because the issues are likely to recur, yet evade judicial review. I cannot find that either of those two exceptions applies in this case.

## A. VOLUNTARY CESSATION

In considering voluntary cessation as a basis for reaching the merits in this case, this Court must begin by acknowledging that, no later than June 22, 2021, all restrictions on indoor gatherings and dining were rescinded. That was more than two years ago, and there is nothing in the record to suggest that the Director rescinded the Order at issue here in response to T&V's lawsuit. Cf. *Resurrection Sch v Hertel*, 35 F4th 524, 529 (CA 6, 2022). There is a presumption of good faith

by governmental actors, see *Brach v Newsom*, 38 F4th 6, 12-14 (CA 9, 2022),[2] and the facts of this case do not rebut that presumption. Under the voluntary cessation doctrine, a case is moot if "the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *W T Grant Co*, 345 US at 633 (quotation marks and citation omitted). Given the Director's good-faith rescission of the Order two years ago, coupled with the declaration of the end of the COVID-19 emergency by federal and Michigan officials alike, there remains no reasonable expectation of the reinstitution of the Order challenged in this case.

The majority brushes aside mootness concerns, contending that "plaintiff continues to be a banquet and catering corporation and MCL 333.2253 continues to authorize [the Director] to issue emergency orders." I disagree with both of those contentions. First, T&V shut down its operations many months ago and no longer conducts any banquet business. But in its reply brief, T&V insists that it was forced out of business by the Director's Order and it might return to business if only it can obtain a favorable ruling from this Court. To accept this argle-bargle as a persuasive response to a mootness argument is to drain the mootness doctrine of all meaning. Nothing now in place as a result of the Director's actions prevents T&V from resuming its catering business, so nothing in this record excepts this case from the application of the mootness doctrine. Second, our Legislature amended MCL 333.2253 during the pendency of this case, see 2022 PA 274 (effective March 29, 2023),[3] so it is now literally impossible for the Director to invoke the challenged version of MCL 333.2253 to once again impose the restrictions contested by T&V. Thus, the voluntary cessation exception to the mootness doctrine has no application here.

## B. LIKELY TO RECUR, YET EVADE JUDICIAL REVIEW

The "likely to recur, and yet likely to evade judicial review" exception to the general rule of mootness manifestly does not apply here. To determine whether review of an issue is warranted under that exception, we must consider whether the issue "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review[.]" *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). There must exist "a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review[.]" *Id*. Even assuming, for the sake of argument, that T&V's challenge to the Order presents an issue of public significance, see *Flynn*, ___ Mich App at ___; slip op at 4, there is no reasonable expectation that any alleged wrong that flowed from the Order will recur, yet escape judicial review.

With regard to recurrence, the Director rescinded the challenged Order more than two years ago. And since that Order was rescinded, the federal government and the State of Michigan have both declared an end to the COVID-19 emergency. Moreover, our Legislature has since amended

---

[2] Although nonbinding, decisions of lower federal courts may be considered for their persuasive value. *In re Estate of Vansach*, 324 Mich App 371, 388 n 8; 922 NW2d 136 (2018).

[3] The amendment cabined the authority of the Director to "prohibit the gathering of people for any purpose" by adding two restrictions set forth in MCL 333.2253(4) and (5) and expressly subjecting the Director's authority under MCL 333.2253(1) to those restrictions. To be sure, neither of those restrictions deals with the operations of restaurants and banquet facilities, but the amendment has a significant impact on the Director's authority.

MCL 333.2253, thereby significantly modifying the statute on which the Director relied in issuing the Order. So the issue here will recur if the Director decides to rely on an outdated version of a statute to promulgate an order to address a problem that Michigan no longer regards as a problem. That seems highly unlikely, to say the least.

Finally, T&V overlooks a serious flaw in its pleadings to argue that its challenge to orders issued under MCL 333.2253 will likely evade review. T&V's original complaint and its amended complaint request declaratory relief, but not compensatory damages. To be sure, T&V's pleadings allege in passing that the company "lost enormous amounts of money" because of the Order, but neither the complaint nor the amended complaint quantifies those purported losses or even requests compensatory relief in the form of money damages. Instead, each of the complaints is styled from start to finish as a request "for declaratory relief." Unlike requests for declaratory relief, " '[c]laims for damages are largely able to avoid mootness challenges.' " *Duckett v Solky*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357346); slip op at 12. By requesting declaratory relief, but not money damages, T&V put the mootness doctrine squarely in play in this case. In contrast, if a business aggrieved by the Director's Order files an action seeking money damages, mootness almost certainly will not present a bar to that claim, which thereby will not evade judicial review. But this is not such a case, so T&V's challenge to the Director's Order is subject to the mootness doctrine, which bars T&V's constitutional claims. Because the majority has decided not to apply the mootness doctrine here to dismiss T&V's claims, I dissent.

/s/ Christopher P. Yates