*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN PHYSIO, LLC,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,

and

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
December 03, 2024
10:56 AM

No. 367918
Wayne Circuit Court
LC No. 23-001342-NF

Before: JANSEN, P.J., and RICK and PATEL, JJ.

PER CURIAM.

In this action for first-party personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, American Physio, LLC, appeals as of right the trial court's order granting summary disposition in favor of defendant,[1] Nationwide Mutual Fire Insurance Company, under MCR 2.116(C)(10). We affirm.

---

[1] State Farm Mutual Auto Insurance Company, the other named defendant in the lawsuit, was voluntarily dismissed by American Physio before responding to the complaint. As a result, State Farm did not participate in this case.

-1-

## I. BACKGROUND

On January 17, 2022, Patrice Gilbert was injured in an automobile collision. At the time of the accident, Gilbert did not own a motor vehicle, did not maintain a no-fault insurance policy, and had healthcare coverage through Molina Medicaid.[2] Gilbert lived with her grandfather,[3] Oliver O'Neal, who owned an automobile and had a no-fault insurance policy with USAA Casualty Insurance Company. When O'Neal renewed his policy in January 2022, he "elect[ed] to not maintain coverage for [PIP] benefits payable under [MCL 500.3107(1)(a)]."[4] MCL 500.3107d(1). He was able to do so because he otherwise had "qualified health coverage," MCL 500.3107d(1), in the form of "parts A and B of the federal Medicare program," MCL 500.3107d(7)(b)(ii). In making the election, O'Neal certified that he had "coverage under both Medicare Parts A and B; AND . . . all **resident relatives** have **qualified health coverage** or are covered under another auto policy with **PIP medical** coverage." (Emphasis in original). However, it is undisputed that Gilbert's Molina Medicaid was not "qualified health coverage" sufficient to waive all PIP medical coverage under MCL 500.3107d, and O'Neal did not inform USAA that Gilbert was living with him.

Gilbert received physical therapy from American Physio for six months after the collision, accruing over $25,000 in medical expenses. Because Gilbert believed that there was not a no-fault policy applicable to her injuries, she applied with the Michigan Automobile Insurance Placement Facility (MAIPF) for PIP benefits under the Michigan Assigned Claims Plan (MACP). Gilbert's claim was assigned to Nationwide. In November 2022, Gilbert assigned American Physio all of her rights to seek benefits from Nationwide.[5]

---

[2] Gilbert was operating her mother's vehicle at the time of the accident. That vehicle was insured, but Gilbert was not living with her mother at the time of the accident. It is undisputed that the policy for Gilbert's mother's vehicle is not in the order of priority under MCL 500.3114.

[3] Gilbert moved in with O'Neal in October 2021.

[4] MCL 500.3107(1)(a) provides that PIP benefits are payable for, in part, "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

[5] In July 2022 (before Gilbert assigned her rights to American Physio), Gilbert sued Nationwide, USAA, State Farm, and two individual tortfeasors (hereinafter, "the Gilbert action").. Although the Gilbert action is not before us, it was assigned to the same trial court judge. In February 2023, just a few weeks after American Physio filed this action, the court granted Nationwide's motion for summary disposition in the Gilbert action "for the reasons stated on the record." The trial court further ordered that Gilbert was "not eligible for No-Fault benefits arising out of the January 17, 2022, motor vehicle accident from any Defendant" in the Gilbert action. The Gilbert action's lower court record is not part of the lower court in this case, but Nationwide attached a copy of the trial court's February 2023 order as an exhibit to its motion for summary disposition in this case. Nationwide asserted that the trial court found in the Gilbert action that she "is not eligible for PIP benefits pursuant to the USAA opt out provision." At the hearing for Nationwide's motion for summary disposition in this case, the trial court stated that it ruled in the Gilbert case "that, in fact,

-2-

On January 30, 2023, American Physio commenced this action seeking payment for reasonably necessary products, services and accommodations provided to Gilbert from January 25, 2022 through July 72, 2022. Nationwide filed a notice of nonparty fault, asserting that USAA was the no-fault insurer of Gilbert's resident relative. Thereafter, Nationwide moved for summary disposition under MCR 2.116(C)(10), arguing that Gilbert's resident relative had a no-fault policy through USAA on the date of the accident and thus USAA was a higher priority insurer under MCL 500.3114. Additionally, Nationwide argued that Gilbert was not entitled to any PIP coverage because O'Neal elected to not maintain PIP medical coverage. Nationwide further argued that the trial court had already determined in the Gilbert action that she was not eligible for no-fault benefits pursuant to the USAA opt-out provision. American Physio countered by arguing the USAA policy did not apply or did not qualify as legally required PIP coverage because O'Neal's waiver of PIP medical coverage left Gilbert involuntarily uninsured. American Physio further asserted that the trial court's order in Gilbert's action against Nationwide was not binding on American Physio. The trial court granted summary disposition in favor of Nationwide. American Physio moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. at 160. Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up). Summary disposition under MCR 2.116(C)(10) is proper when, after considering all evidence in the light most favorable to the nonmoving party, the court determines there is no genuine issue of material fact. *Id*.

"We review de novo questions of statutory interpretation . . . ." *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024). "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Guardian Environmental Servs, Inc v Bureau of Const Codes and Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up). If a statutory term is undefined, it "must be accorded its plain and ordinary meaning[;]" but

---

because she was a resident relative of Oliver O'Neil's [sic] home and he opted out, she was precluded from receiving any benefit. [American Physio] is a provider of Ms. Gilbert and the same arguments are being made [in this case]."

a legal term of art "must be construed in accordance with its peculiar and appropriate legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008), citing MCL 8.3a.

"Resolution of this issue also requires this Court to interpret contract provisions, which presents a question of law reviewed de novo." *Patel v FisherBroyles, LLP*, 344 Mich App 264, 271; 1 NW3d 308 (2022).

## III. ANALYSIS

American Physio argues the trial court erred when it granted summary disposition in favor of Nationwide. We disagree.

"The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Donner v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365477); slip op at 4 (cleaned up). "This includes PIP benefits. A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is immediately entitled to PIP benefits without the need to prove fault." *Id*. (cleaned up). Under MCL 500.3114(4), there are three levels of priority for insurers: "the person's no-fault insurer,[6] the insurer of a spouse or resident relative,[7] and lastly the MACP.[8]" *Bauer-Rowley v Humphreys*, 344 Mich App 52, 62; 988 NW2d 721 (2022).

"When an individual cannot obtain no-fault insurance coverage after an accident through ordinary means, the MAIPF fills in the gaps." *Williamson v AAA of Mich*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165131); slip op at 6. "For context, the MAIPF maintains the Michigan Assigned Claims Plan (MACP)." *Donner*, ___ Mich App at ___; slip op at 5-6, citing MCL 500.3171(2). The MACP requires no-fault insurers "to function as insurers of last resort even as to some injured persons with whom the insurer does not have an existing insurance relationship, making 'insurance companies . . . the instruments through which the Legislature carries out a scheme of general welfare.' " *Donner*, ___ Mich App at ___; slip op at 6, quoting *Bronner v Detroit*, 507 Mich 158, 174-175; 968 NW2d 310 (2021). In other words, the

---

[6] MCL 500.3114(1) provides "a personal protection insurance policy described in [MCL 500.3101(1)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

[7] See MCL 500.3114(1).

[8] "[A] person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under [MCL 500.3171 to MCL 500.3175]. This subsection does not apply to a person insured under a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under [MCL 500.3107d] . . . ." MCL 500.3114(4).

Legislature's creation of the MACP ensured "that every person injured in a motor vehicle accident would have access to PIP benefits unless one of the limited exclusions in the no-fault act applies, and the losses suffered by uninsured persons injured in motor vehicle accidents could be indirectly passed on to the owners and registrants of motor vehicles through insurance premiums." *Williamson*, ___ Mich at ___; slip op at 6 (cleaned up).

In this case, the parties dispute whether Nationwide, the assignee of the MAIPF, is required to pay PIP medical benefits to American Physio for its treatment of Gilbert. Eligibility for benefits under the MACP is established by MCL 500.3172(1):

> (1) A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:
>
> > (a) No personal protection insurance is applicable to the injury.
> >
> > (b) No personal protection insurance applicable to the injury can be identified.
> >
> > (c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.
> >
> > (d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

The primary dispute is whether the USAA policy maintained by O'Neal qualifies as "personal protection insurance [] applicable to the injury." MCL 500.3172(1)(a). Nationwide contends that O'Neal's USAA policy was the highest in priority under MCL 500.3114(1), which states that "a personal protection insurance policy described in [MCL 500.3101(1)] *applies* to accidental bodily injury to the person named in the policy, the person's spouse, *and a relative of either domiciled in the same household*, if the injury arises from a motor vehicle accident." (Emphases added.) It is undisputed that Gilbert suffered "accidental bodily injury" arising "from a motor vehicle accident." MCL 500.3114(1). It is further undisputed that Gilbert was a relative of O'Neal and lived with him at the time of the accident. *Id.* And it is undisputed that O'Neal was named in the USAA policy. *Id.* Under the plain and unambiguous language of MCL 500.3114(1), O'Neal's USAA policy applied to accidental bodily injury sustained by Gilbert, who was a resident relative of O'Neal. Consequently, under MCL 500.3172(1)(a), Gilbert was not entitled to PIP coverage from an insurer assigned by MAIPF. Because American Physio's rights, having been assigned from Gilbert, were entirely derivative of Gilbert's rights, American Physio also was not permitted to seek benefits from Nationwide, the insurer assigned the claim by MAIPF. See *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 346 Mich App 197, 205; ___ NW3d ___ (2023)

("An assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed.") (cleaned up).

American Physio argues O'Neal's USAA policy is not in the order of priority under MCL 500.3114(1) because it does not qualify as "a personal protection insurance policy described in [MCL 500.3101(1)] . . . ." We disagree. MCL 500.3101(1) states, in relevant part: "Except as provided in [MCL 500.3107d and MCL 500.3109a], the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance and property protection insurance as required under this chapter, and residual liability insurance." "In 2019, the Legislature made significant changes to the no-fault act in an effort to control the cost of automobile insurance . . . ." *Donner*, ___ Mich App at ___; slip op at 5 (cleaned up). One such cost-saving amendment allowed "insurance applicants [and named insureds] to opt out of PIP benefits from an insurer under certain conditions, MCL 500.3107d(1)." *Id.* at ___; slip op at 5. Specifically, MCL 500.3107d(1) authorizes a named insured, such as O'Neal, to opt out of coverage for allowable expenses payable under MCL 500.3107(1)(a):

> For an insurance policy that provides the security required under [MCL 500.3101(1)] and is issued or renewed after July 1, 2020, the applicant or named insured may, in a way required under [MCL 500.3017e] and on a form approved by the director, elect to not maintain coverage for personal protection insurance benefits payable under [MCL 500.3107(1)(a)] if the applicant or named insured is a qualified person, and if the applicant's or named insured's spouse and any relative of either that resides in the same household have qualified health coverage or have coverage for benefits payable under [MCL 500.3107(1)(a)] from an insurer that provides the security required by [MCL 500.3101(1)].

O'Neal "elect[ed] to not maintain coverage for [PIP] benefits payable under [MCL 500.3107(1)(a),]" MCL 500.3107d(1), because he otherwise had "qualified health coverage," MCL 500.3107d(1), in the form of "parts A and B of the federal Medicare program," MCL 500.3107d(7)(b)(ii). MCL 500.3107d(5) provides that a waiver of PIP medical coverage "under this section applies to the applicant or named insured, the applicant or named insured's spouse, *a relative of either domiciled in the same household*, and any other person who would have had a right to claim personal protection insurance benefits under the policy but for the election." (Emphasis added).

American Physio asserts Gilbert did not have qualified health coverage as required by MCL 500.3107d(1) to allow her to be "opted out" of PIP medical coverage and thus O'Neal failed to purchase a policy that conformed with the requirements of the no-fault law. American Physio contends that USAA denied benefits to Gilbert based on O'Neal's "invalid, involuntary 'Medicare opt out' of [Gilbert.]" American Physio's argument is actually a dispute about coverage under the USAA policy, not whether it qualifies as "a personal protection insurance policy described in [MCL 500.]3101(1) . . . ." The Legislature specified that MCL 500.3101(1) includes a policy for which an insured elects to not include coverage for PIP medical benefits payable under MCL 500.3107(1)(a). O'Neal's election under MCL 500.3107d to not maintain PIP medical coverage, which also applied to Gilbert as O'Neal's resident relative, does not mean the USAA policy is not a proper no-fault policy under MCL 500.3101(1). For example, O'Neal's USAA policy provides PIP replacement-services benefits under MCL 500.3107(1)(c). And, although O'Neal waived

coverage for work loss benefits payable under MCL 500.3107(1)(b),[9] the policy reflects that work loss is only excluded "for one operator." Plainly, under MCL 500.3114(1), Gilbert would be required to seek replacement-services and work loss benefits from USAA because the USAA policy applies to the injuries she sustained in the subject accident and the policy is in the order of priority.

In addition, MCL 500.3107d(4) states that "[i]f an insurance policy is issued or renewed as described in subsection (1) and the applicant or named insured has not made an effective election under subsection (1), the policy is considered to provide [unlimited] personal protection benefits under" MCL 500.3107c(1)(d). In other words, if O'Neal did not make "an effective election" to not maintain coverage for PIP medical benefits for Gilbert, then there is a dispute regarding coverage under the USAA policy. But that coverage dispute does not mean that the USAA policy is not "a personal protection insurance policy described in [MCL 500.]3101(1) . . . ." We conclude that the trial court did not err by concluding that the USAA policy is applicable to the injuries Gilbert sustained in the accident and thus Gilbert was not entitled to seek benefits from the MAIPF, and neither was American Physio as an assignee. See MCL 500.3114(1); MCL 500.3172(1)(a).

American Physio contends that Nationwide should litigate the coverage issue with USAA after paying PIP medical benefits to American Physio. We disagree. American Physio relies heavily on *Spencer v Citizens Ins Co*, 239 Mich App 291; 608 NW2d 113 (2000) in support of this argument. American Physio's argument is unpersuasive for several reasons. Here, unlike in *Spencer*, O'Neal's USAA policy was immediately identifiable as applying to Gilbert's injuries at the time that she filed her claim for no-fault benefits with the MACP. Also, there is no indication on the record that Nationwide delayed informing American Physio or Gilbert of the existence of the USAA policy. Further, the record contains no evidence that Nationwide paid PIP benefits related to Gilbert's injuries and then suddenly stopped. Moreover, in *Griffin v Trumbull Ins Co*, 509 Mich 484, 503, n 7; 983 NW2d 760 (2022), our Supreme Court explained that a lower-priority insurer is not "statutorily obligated to pay PIP benefits merely because it received a timely claim for such benefits. Rather, such insurers have an obligation to act diligently in deciding how to resolve the claim and to inform the claimant of that decision in a timely manner." "[A]n insurer that is confident that it is not liable to pay PIP benefits can and should promptly deny the claim" and is not obligated to pay first and seek reimbursement later. *Id*. at 503. There is no evidence that Nationwide failed to act diligently here.

American Physio further argues that the trial court erred by relying on MCL 500.3113(e), which provides that, "[a] person is not entitled to be paid [PIP] benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or operator of a motor vehicle for

---

[9] MCL 500.3107(2)(a) provides: "A person who is 60 years of age or older and in the event of an accidental bodily injury would not be eligible to receive work loss benefits under [MCL 500.3107(1)(b)] may waive coverage for work loss benefits by signing a waiver on a form provided by the insurer. An insurer shall offer a reduced premium rate to a person who waives coverage under this subdivision for work loss benefits. Waiver of coverage for work loss benefits applies only to work loss benefits payable to the person or persons who have signed the waiver form.

which coverage was excluded under a policy exclusion authorized under [MCL 500.3017]." We agree.

As referenced, MCL 500.3017(1) states:

> An authorized insurer that issues an insurance policy insuring a personal vehicle may exclude all coverage afforded under the policy for any loss or injury that occurs while a transportation network company driver is logged on to a transportation network company digital network or while a transportation network company driver is providing a prearranged ride.

There was no allegation or proof of Gilbert using a "transportation network company" at the time she was injured in the automobile collision. Consequently, no exclusion was authorized under MCL 500.3017, and MCL 500.3113(e) did not disqualify Gilbert form receiving PIP benefits. Therefore, to the extent the trial court relied on MCL 500.3113(e) when granting summary disposition in favor of Nationwide, it erred. Nevertheless, because the trial court did not rely on that ground alone and it reached the right decision, we affirm the trial court's grant of summary disposition in favor of Nationwide. See *Equity Funding, Inc v Village of Milford*, 342 Mich App 342, 354; 994 NW2d 859 (2022) (affirming because "the court reached the right decision, even if for the wrong reason").[10]

Affirmed.

/s/ Kathleen Jansen
/s/ Michelle M. Rick
/s/ Sima G. Patel

---

[10] American Physio also argues that the trial court improperly relied on MCL 500.3173 when granting summary disposition in favor of Nationwide. American Physio insists that any reliance on MCL 500.3173 by Nationwide should be considered waived because Nationwide did not argue it to the trial court. Because Nationwide specifically disclaims any reliance on MCL 500.3173, this issue has been rendered moot and we decline to consider it further. See *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (holding that a case is moot when "[i]t involves a case in which a judgment cannot have any practical legal effect upon a then existing controversy," and that, "[a]s a general rule, this Court will not entertain moot issues or decide moot cases.") (cleaned up).