*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ECD.

BAILEY VANDERWEEL,

Petitioner-Appellee,

v

ECD, also known as YEHG, also known as YECD,

Respondent-Appellant.

UNPUBLISHED
August 25, 2025
12:42 PM

No. 371227
Washtenaw Probate Court
LC No. 24-000337-MI

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

BOONSTRA, P.J. (*dissenting*).

I respectfully dissent, as I would instead dismiss this appeal as moot.

The May 1, 2024 order that is the subject of this appeal is no longer in effect. Following an evidentiary hearing at which respondent was represented by counsel, the trial court entered an amended second order for involuntary mental-health treatment as of June 20, 2024. It found that respondent continued to be a person requiring mental-health treatment. That order is the subject of a separate appeal, in which we are contemporaneously affirming the trial court's order.

"An essential element of our courts' judicial authority is that the courts do not reach moot questions or declare rules of law that have no practical legal effect in a case." *In re Detmer/Beaudry*, 321 Mich App 49, 55; 910 NW2d 318 (2017) (quotation marks and citation omitted). A moot case is one in which "a judgment 'cannot have any practical legal effect upon a then existing controversy.' " *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (citation omitted). "One of the most critical aspects of judicial authority, as opposed to legislative or executive authority, is the requirement that there be a real controversy between the parties, as opposed to a hypothetical one." *Detmer/Beaudry*, 321 Mich App at 55-56 (quotations marks and citation omitted).

Issues of mootness "are questions of law that are reviewed de novo." *Adams v Parole Bd*, 340 Mich App 251, 259, 985 NW2d 881 (2022). Because "[t]he question of mootness is a

threshold issue that a court must address before it reaches substantive issues of a case," *In re Tchakarova*, 328 Mich App 172, 178, 936 NW2d 863 (2019), we should not take up the merits of a claim if the mootness doctrine applies.

"Generally speaking, a case becomes moot when an event occurs that makes it impossible for a reviewing court to grant relief." *Detmer/Beaudry*, 321 Mich App at 56. "Stated differently, a case is moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights." *Id.* (quotation marks and citation omitted). Given the trial court's entry of the second order for involuntary mental-health treatment, the issues presented in this appeal (relating to the first order) are moot.

Of course, "[w]here a court's adverse judgment may have collateral legal consequences for a [party], the issue is not necessarily moot." *Id.* (citations omitted). However, "[w]hen no such collateral legal consequences exist, and there is no possible relief that a court could provide, the case is moot and should ordinarily be dismissed without reaching the underlying merits." *Id.* (citation omitted).

Although "involuntary mental health treatment or hospitalization can have collateral legal consequences, in addition to adverse social consequences significantly affecting the individual," *In re Londowski*, 340 Mich App 495, 508-509; 986 NW2d 659 (2022) (quotation marks and citation omitted), the collateral consequences presented by the trial court's first order of involuntary mental-health treatment are identical to those presented by the trial court's second order for involuntary mental-health treatment. Because the initial order that is the subject of this appeal has expired and respondent incurred the same collateral consequences from the nearly identical second order for involuntary mental-health treatment, vacating the initial order would not provide any tangible relief for respondent. See *Detmer/Beaudry*, 321 Mich App at 56 (explaining that an issue is generally considered moot when the reviewing court cannot grant relief).

The "likely to recur, and yet likely to evade judicial review" exception to the general rule of mootness also does not apply here. To determine whether review of an issue is warranted under that exception, we must consider whether the issue "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review . . . ." *Gleason v Kincaid*, 323 Mich App 308, 315, 917 NW2d 685 (2018). There must exist "a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review . . . ." *Id.* Even assuming, for the sake of argument, that respondent's challenge to the trial court's initial order presents an issue of public significance, see *Flynn v Ottawa Co. Dep't of Pub. Health*, 344 Mich App 709, 717, 1 NW3d 853 (2022), there is no reasonable expectation that any alleged wrong that flowed from the order will recur, yet escape judicial review.

Indeed, respondent does not contend otherwise. She herself maintains that "[t]he circumstances in this matter are at best highly unusual." Consequently, we need not reach the merits of this moot issue. I would dismiss the appeal as moot.

/s/ Mark T. Boonstra