*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LET THEM BREATHE, JENNIFER BRUNN
THOMPSON, SARAH KITCHEN, RACHEL
DAVIS, and DANIELLE DIANE DENISON,

UNPUBLISHED
June 29, 2023

Plaintiffs-Appellants,

v

No. 360864
Otsego Circuit Court
LC No. 21-018749-CZ

HEALTH DEPARTMENT OF NORTHWEST
MICHIGAN and GAYLORD COMMUNITY
SCHOOLS,

Defendants-Appellees.

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Plaintiffs, Let Them Breathe (LTB), are an unincorporated association of parents of school-age children in Gaylord, Michigan, and four individual parents of children who attend schools in the city. They appeal as of right the trial court's order dismissing the present action as moot. LTB brought suit against defendants, the Health Department of Northwest Michigan (the Health Department) and Gaylord Community Schools (GCS), after the Health Department implemented a policy mandating that children attending public schools in four Northern Michigan counties wear masks to help stop the spread of COVID-19. Before the trial court ruled on the merits of several pending motions in the case, the Health Department rescinded the mask mandate. We affirm the trial court's order dismissing on the basis of mootness.

## I. FACTUAL BACKGROUND

On August 27, 2021, the Health Department issued an order requiring the wearing of face masks in schools in Antrim, Charlevoix, Emmett, and Otsego County. GCS implemented a mask mandate per the Health Department's policy, and suspended several students for refusing to wear masks. In November 2021, plaintiffs filed a complaint against the Health Department and GCS, challenging the Health Department's authority to issue the order and GCS's authority to suspend

students for violating it.[1]  Plaintiffs also filed several motions for immediate declaratory relief in January and February 2022.  Before the trial court ruled on these motions, the Health Department rescinded the order, effective February 17, 2022, because of "improving conditions surrounding the pandemic."  On its own motion, the trial court issued an order adjourning plaintiffs' motions for declaratory relief and asked the parties to submit briefs addressing whether plaintiffs' claims were moot in light of the Health Department's rescission of the order at issue.  After a hearing, the trial court declared the case moot, declined to rule on any pending motions, and dismissed the case. This appeal followed.

## II.  ANALYSIS

Courts have a duty to consider and decide only actual cases and controversies.  *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014).  Thus, courts typically "will not entertain moot issues or decide moot cases."  *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (quotation marks and citation omitted).  A matter is moot when "an event has occurred that renders it impossible for the court to grant relief.  An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy."  *Barrow*, 305 Mich App at 659 (quotation marks and citation omitted).  "Issues involving mootness are questions of law that are reviewed de novo."  *Adams v Parole Board*, 340 Mich App 251, 259; 985 NW2d 881 (2022).

However, there are a number of exceptions to the mootness doctrine.  For example, "[w]hen a case presents an issue of public significance, and disputes involving the issue are likely to recur, yet evade judicial review, courts have held that it is appropriate to reach the merits of the issue even when the case is otherwise moot."  *In re Smith*, 335 Mich App 514, 520; 967 NW2d 857 (2021) (quotation marks and citation omitted).  A moot issue may also be reviewed under the voluntary cessation doctrine.  According to this court,

> voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.  A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices.  The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion.  [*Ed Subscription Serv, Inc v American Ed Servs, Inc*, 115 Mich App 413, 430; 320 NW2d 684 (1982), quoting *United States v W T Grant Co*, 345 US 629, 632; 73 S Ct 894; 97 L Ed 1303 (1953).]

Even so, a "case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated."  *W T Grant Co*, 345 US at 633 (quotation marks and citation omitted).

The Health Department rescinded the masking requirement for schools while this matter was pending in the trial court.  Since there is no meaningful relief that we could grant, and a

---

[1] Plaintiffs filed an earlier complaint in Otsego County Probate Court, which was dismissed after the probate court ruled that it lacked subject-matter jurisdiction to hear the case.

judgment of this Court would have no practical effect on the existing controversy, plaintiffs' challenge to the mask mandate is moot. See *Flynn v Ottawa Co Dep't of Pub Health*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359774); slip op at 4. However, plaintiffs' claim that the merits of the case must still be reviewed under the voluntary cessation doctrine, as well as because the issues are likely to recur, yet evade judicial review. Accordingly, we will address whether an exception to the general rule regarding mootness applies in this case. In so doing, we ultimately conclude this case is moot and the matter must be dismissed.

## A. VOLUNTARY CESSATION

Plaintiffs first argue that the voluntary cessation doctrine applies because voluntary cessation of conduct cannot moot a case, and because there is no guarantee that the Health Department will not institute a new mask mandate in the future. We disagree.

Plaintiffs contend that the Health Department has not conceded that it lacked the authority to issue the mask mandate at issue. Nor, does it concede that its vigorous defense of its actions suggests that another mask mandate could be enacted later. At first blush, these circumstances do lend credence to the argument that the Health Department's voluntary cessation of the mask mandate should not render plaintiffs' claims moot. However, as noted *supra*, even if the voluntary cessation doctrine otherwise applied, a case may still be moot "if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *W T Grant Co*, 345 US at 633 (quotation marks and citation omitted). On appeal, the Health Department points out that the rescission of the mask mandate went into effect on February 17, 2022, around the same time that other counties in Michigan rescinded their mask mandates, and in accordance with updated data on the number of COVID-19 cases in the state. The Health Department also notes that it has not enacted another mask mandate since rescinding the mandate at issue in this case, nor has it expressed any intent to do so. At this juncture, plaintiffs' concern that the Health Department will choose to enact another mask mandate in the future is little more than speculation. It is possible, to be sure, but there are simply too many variables involved to conclude that another mask mandate is anything more than just that—a possibility.[2]

---

[2] It also bears noting that Michigan has largely moved away from pandemic-related health mandates since plaintiffs appealed to this Court in March 2022. "[T]he trend, at least in Michigan, has been toward loosening health restrictions even in the face of continued pandemics," *T & V Assoc, Inc v Director of Health and Human Servs*, unpublished order of the Court of Appeals, entered September 19, 2022 (Docket No. 361727) (RONAYNE KRAUSE, J., dissenting). Michigan has been somewhat ahead of the curve in this respect, with the final statewide mask mandate having ended on June 22, 2021. Ryan Jeltema, *Michigan Ending Statewide Mask Mandate, Returning to Full Capacity Tuesday* <https://www.abc12.com/coronavirus/michigan-ending-statewide-mask-mandate-returning-to-full-capacity-tuesday/article_2996f20b-392a-5c1a-8d9e-326badefac04.html> (accessed June 1, 2023). But COVID-19 health mandates are also growing increasingly rare nationwide, a shift that is likely to continue following a decision by the United States Department of Health and Human Services to end the COVID-19 public health emergency effective May 11, 2023. Centers for Disease Control and Prevention, *End of the Federal COVID-*

Additionally, there is no evidence that the Health Department sought to "evad[e] judicial review by ceasing challenged conduct to avoid judicial scrutiny," *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 380; 986 NW2d 451 (2022) (RONAYNE KRAUSE, J., concurring), as plaintiffs suggest. When the Health Department announced the rescission of the mask mandate, it stated that the mandate was being lifted "[d]ue to improving conditions surrounding the pandemic," and cited data and statistics from local and state agencies supporting the decision. Nothing in the Health Department's actions suggests that it merely rescinded the mask mandate to avoid review by this Court. Accordingly, we conclude that the voluntary cessation doctrine does not apply to plaintiffs' otherwise moot claims.

## B. ISSUE LIKELY TO RECUR, YET EVADE JUDICIAL REVIEW

Plaintiffs also argue that the mask mandate at issue here is likely to recur, yet evade judicial review. We again disagree.

"An issue is likely to evade judicial review if the time frames of the case make it unlikely that appellate review can be obtained before the case reaches a final resolution." *In re Tchakarova*, 328 Mich App 172, 180; 936 NW2d 863 (2019). To determine whether review is warranted under this exception, it must be shown that the issue "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review[.]" *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). There must specifically be "a *reasonable expectation* that the publicly significant alleged wrong will recur yet escape judicial review[.]" *Gleason*, 323 Mich App at 315 (emphasis added).

Although the Health Department's authority to impose a mask mandate may be an issue of public significance, we conclude that there is no reasonable expectation that the wrongdoing alleged by plaintiff is likely to recur, yet escape judicial review. As previously discussed, the likelihood that the Health Department will reinstate the mask mandate is speculative at best. Moreover, given the number of mask mandates that have cropped up across the state in the years following the COVID-19 pandemic, the matter is not likely to escape judicial review. Indeed, the issue has already been addressed by this Court in *Flynn*, ___ Mich App at ___; slip op at 4-7.[3] Nor

---

*19 Public Health Emergency (PHE) Declaration* <https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html> (accessed June 5, 2023); United States Department of Health and Human Services, *COVID-19 Public Health Emergency (PHE)* <https://www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html> (accessed June 5, 2023). In all, given recent state and federal responses to the COVID-19 pandemic, we emphasize again that the prospect of the Health Department enacting a future mask mandate that would affect plaintiffs or their children is extremely speculative.

[3] We have also addressed mask mandates in a number of unpublished cases. See, e.g., *Holland v DeWitt Pub Schs*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2023 (Docket No. 360706); *EB by Next Friend Baker v Waterlivet Pub Schs*, unpublished per curiam opinion of the Court of Appeals, issued May 4, 2023 (Docket No. 361206); *IC by Next Friend Carlson v Comstock Pub Schs*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2023 (Docket No. 361425).

is there reason to believe that a future mask mandate would be so short in duration as to escape judicial review. See *Weinstein v Bradford*, 423 US 147, 149; 96 S Ct 347; 46 L Ed 2d 350 (1975) (addressing whether a "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration[.]"). Mask mandates usually remain in place for months at a time, giving aggrieved parties plenty of time to bring such matters to a court's attention. In sum, mask mandates have yet to evade review by Michigan's courts, and are not likely to do so in the future. For all of these reasons, we conclude that plaintiffs' claims are moot.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado